## Case No. 3,138.

### CONSUL OF SPAIN v. CONSUL OF GREAT BRITAIN.

[Bee, 263.][1]

Circuit Court, D. South Carolina. 1808.

#### SALE OF PRIZES IN NEUTRAL PORT.

Belligerents have no right, unless secured by treaty, to sell their prizes in a neutral port. The neutral government may grant permission, but ought not to do so, unless all the powers at war can be put upon an equal footing.

[Cited in Hopner v. Appleby, Case No. 6,699.]

The bill states that the Spanish felucca La Nostra Signora, the property of the subjects of his most catholic majesty, was discovered, chased, attacked, fired upon and brought in here by his Britannic majesty's ship of war Meleager, on the open seas, and sent into this port on the tenth day of May instant as a prize to his Britannic majesty's said ship of war Meleager, and advertised for sale in the Gazette of this city. That Don Diego Morphy, consul of his most catholic majesty, conceives that the sale of the said prize, in any of the ports of the United States, is contrary to the present state of amity subsisting between his most catholic majesty and the United States, is unauthorized by the government of the United States, would be a breach of and violation from their neutrality, and in contravention of the laws of nations, and therefore prays an injunction to stop the sale. On the part of the defendant, it was objected, that the intended sale is neither contrary to any existing treaty, or regulation of the executive of the United States, or law of congress, or of nations: and that the sale of prizes made by the British from their enemies, the Spaniards, may lawfully take place in the United States, till our government does (as it may) by treaty or otherwise, prevent the same. The judiciary power cannot interpose its authority to enjoin a sale, unless the executive shall positively interdict the same. On the part of the complainant, it was answered, that where no right to sell is granted by treaty, nor express permission to sell is shewn, that the court of equity is the proper court to restrain the party. That a right to sell cannot be supposed to pass by implication, as it goes to a cession of sovereignty. That to permit a sale would be a breach of neutrality; inasmuch as both the belligerent powers ought to be placed on an equal footing in all respects.

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

The CHIEF JUSTICE delivered the opinion of the court to the following purport:

The right to sell cannot be claimed by treaty. If it exists at all, it rests on permission. Without doubt, a neutral nation may permit a belligerent to sell, without violating its neutrality: treaties apart, it is wholly discretional. The sovereignty of a neutral power authorizes the exercise of such discretion. Between aiding commerce and permitting the sale of prizes, there is a great difference. Silence, in the ordinary cases of commerce, may be considered as a consent to it; but the sale of prizes must be by positive permission. If permitted to sell, without a previous decision by the court of the capturing power as to the legality of the prize, there is danger of fraud, and even of piracy. I do not say that a condemnation is necessary, but all nations are interested that it should take place before a sale is made. The sale of prizes ensnares, and insensibly leads to a departure from strict neutrality; for this reason, a neutral nation should first give its consent, by treaty, or otherwise. Here there is no treaty that authorizes the sale, nor is any permission of the government shewn. An attempt, therefore, to sell is inconsistent with the sovereignty of the United States. What we are at liberty to grant as a favour must be granted equally; but, by treaty with Great Britain we cannot grant this favour to the Spaniards; therefore, we ought not to grant it to the British. As the court does not undertake to decide what the executive ought to do, I wish to frame the decree so as to permit an application to that branch of the government. Let there be an injunction to stop the sale, till further order of this court, unless permission be sooner obtained from the president of the United States.